# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2026

Lyle W. Cayce
Clerk

No. 25-60606

Kimberly Monique Ross,

*Plaintiff—Appellant*,

*versus*

James Christopher Walker, *Individually and in his Official Capacity as Chancellor for Holmes and Madison Counties*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:25-CV-534

_____

Before Elrod, *Chief Judge*, and Jones and Higginson, *Circuit Judges*.

Per Curiam:[*]

Kimberly Monique Ross filed a complaint alleging violations of 42 U.S.C. § 1983. She alleged that the defendant, Chancellor for Holmes and Madison Counties, committed various retaliatory actions against her. In a thorough and cogent opinion, the district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative of a prior lawsuit.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60606

The district court noted that Ross's complaint "echoe[d] the allegations of" a prior lawsuit that she had brought against the same defendant. "IFP complaints may be dismissed as frivolous pursuant to § 1915[(e)] when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

Ross now moves this court to allow her to proceed *in forma pauperis* (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In her IFP motion, Ross does not challenge the district court's conclusion that her lawsuit is duplicative of her prior lawsuit. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, she has failed to show a non-frivolous issue with respect to the district court's dismissal of her § 1983 complaint. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Her motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.